IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL WILLIAMS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:16-CV-00393-RWS-NCC ) |
| TROY STEELE, | ) ) ) |
| Respondent. | ) |

**BRIEF ON MOOTNESS**

For this Court to have jurisdiction, an alleged constitutional injury must exist through all stages of the case, trial and appellate; and when it disappears, so does Article III jurisdiction. *See Spencer v. Kemna,* 523 U.S. 1, 7 (1998).

The Missouri Legislature has passed, and the Missouri Governor has signed, Senate Bill 590 (attached Brief Exhibit 1). The relevant portion of the Bill, §558.047, became effective when the Governor signed it (Exhibit 1 at 11). Section 558.047.1 (1) states the following in dealing with Williams and similarly situated offenders. "Any person sentenced to a term of imprisonment of life without eligibility for parole before August 28, 2016, who was under eighteen years of age at the time of the commission of the offense or offenses, may submit to the parole board an application for review of his or her sentence, regardless of whether the case is final for purposes of appeal,

after serving twenty-five years of incarceration on the sentence of life without parole."

The Missouri Legislature has the power to retroactively create parole eligibility where none existed before. *See State ex rel. Nixon v. Russell*, 129 S.W.3d 867 (Mo. 2004) (upholding statute allowing nonviolent C and D felons with no prior prison commitments to petition after 120 days incarceration to serve the remainder of their sentences on probation or parole). In upholding that law, the Missouri Supreme Court held that parole does not change an offender's sentence, but rather the location and conditions of its service. *Id*. at 870-71. The same principle applies here. As in *Russell*, the Legislature acted within its power and did not change Williams' sentence, life, by making it possible for him to be paroled from that sentence. A federal court may not disagree with the Missouri Supreme Court's interpretation and application of Missouri law, that the Legislature has the power to create parole eligibility. *See Schleeper v. Groose*, 36 F.3d 735, 737 (8th Cir. 1995) (federal court may not disagree with a Missouri court on the interpretation or application of Missouri law).

Citing to Senate Bill 590, the Missouri Supreme Court issued an order on July 19, 2016, vacating its earlier order granting habeas relief, overruling Williams's motion for rehearing as moot, and denying Williams' petition for habeas corpus, which was based on *Miller v. Alabama*. Williams no longer

has litigation pending in the Missouri courts and he is parole eligible on his life sentence after serving twenty-five years based on Missouri statutory law.

**Insofar as Williams bases his application on the rule of *Miller v. Alabama*, his application is moot and this Court has no Article III jurisdiction to grant it.**

The rule of *Miller*, made retroactive by *Montgomery*, is that it is cruel and unusual punishment to impose a life without parole sentence on juvenile offenders in a mandatory manner, without the jury being able to give the offender individual consideration. But Williams is eligible for parole on his murder sentence after serving twenty-five years.

For this Court to have jurisdiction, the alleged constitutional injury must exist through all stages of the case, trial and appellate; and when it disappears, so does Article III jurisdiction. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Williams' injury of serving life without the possibility of parole is gone. He now is parole eligible on his first-degree murder sentence after serving twenty-five years. Insofar as that is what he is complaining about, his application is moot. *See Montgomery*, 136 S.Ct. at 736 (citing a Wyoming statute making juvenile murderers parole eligible after serving twenty-five years as a proper remedy for a *Miller* violation). But insofar as he is now complaining about anything else, Williams is not really relying on the new rule of *Miller*.

3

The United States Supreme Court has explicitly rejected the idea that failure to extend a United States Supreme Court precedent can be an unreasonable interpretation or application of clearly established United States Supreme Court precedent under 28 U.S.C. §2254(d). *White v. Woodall*, 134 S.C.t 1697, 1706 (2014). Therefore, the Missouri Supreme Court's decision, which is consistent with *Miller*, and which approves a remedy approved in *Montgomery*, must be left undisturbed under 28 U.S.C. §2254(d), if it is viewed as a merits decision on the constitutionality of the statute.

And if it is not, then Williams' constitutional attack on the statute is unexhausted and this Court may not grant relief, but may deny relief under 28 U.S.C. §2254(b). Williams would be obligated to file a declaratory judgment action under Missouri Supreme Court Rule 87 if his claim is viewed as unexhausted as opposed to already rejected on the merits.

But it is not necessary to reach that level of analysis, because the case is moot under *Spencer*. The injury in fact under *Miller* is a mandatory sentence of life without parole. That injury no longer exists. Williams complains about matters collateral to that injury. But because the injury is gone, the case is moot.

4

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

/s/ Michael Spillane
MICHAEL SPILLANE
Assistant Attorney General
Missouri Bar # 40704
P.O. Box 899
Jefferson City, MO 65102
(573) 751-1307
(573) 751-2096 Fax
mike.spillane@ago.mo.gov
Attorneys for Respondent

**CERTIFICATE OF SERVICE**
I hereby certify that a true and correct copy of the foregoing was electronically filed by using the CM/ECF system. Counsel for Petitioner are electronic filers. This Court's electronic filing system should serve counsel for Petitioner this 22nd day of August, 2016.

/s/ Michael Spillane
Assistant Attorney General

5