# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL WILLIAMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:16-CV-00393-RWS-NCC |
| | ) |
| TROY STEELE, | ) |
| | ) |
| Respondent. | ) |

## **RESPONSE TO AMENDED PETITION**

### Statement of Custody and Parties

The Circuit Court of St. Louis City convicted Williams of one count of first-degree murder and one count of armed criminal action, and sentenced him to life without parole for the murder followed by a consecutive term of life with the possibility of parole for the armed criminal action. Williams later received a consecutive three-year sentence for possession or delivery of a controlled of controlled substance in a correctional facility. The effect of the applicable statutes on these sentences is that Williams will be eligible for parole consideration on his aggregate sentence after 28 years. That includes 25 years for the statutory ineligibility period on the murder, and three years for the statutory ineligibility period on the armed criminal action sentence. *See* Mo. Rev. Stat. §558.047 and §571.015; *Edger v. Mo. Bd. of Probation and*

*Parole*, 307 S.W.3d 718 (Mo. App. W.D. 2010) (statutory parole ineligibility periods are stacked on consecutive sentences).

Williams serves his sentence at the Potosi Correctional Center, where Troy Steele is the warden. Warden Steele is a proper party respondent in this case. Insofar as Williams is challenging his consecutive armed criminal action sentence, Chris Koster, the Attorney General of Missouri is also a proper party respondent.

## Case Summary

Williams alleges that his confinement violates *Miller v. Alabama*, 132 S.Ct. 2455 (U.S. 2012). He makes the following specific claims.

1. The Missouri Supreme Court violated *Miller* by denying his habeas petition after Mo. Rev. Stat. §558.047 became law, making him parole eligible on his murder sentence after serving 25 years.

2. Missouri Revised Statute §558.047, which makes Williams parole eligible on his murder sentence after serving 25 years on that sentence, is an *ex post facto* law.

3. Missouri Revised Statute §558.047 violates due process and equal protection.

4. Missouri Revised Statute §558.047, which makes Williams parole eligible on his murder sentence after serving 25 years on that sentence, is a Bill of Attainder.

5. Missouri Revised Statute §558.047, which makes Williams parole eligible after serving 25 years on his murder sentence denies, his Sixth Amendment right to counsel.

All the claims, with the possible exception of the first, appear to be attacks on Mo. Rev. Stat. §558.047, which became effective July 13, 2016. Therefore, the claims in the petition appear to be timely.

The claims, with the possible exception of the first, do not appear to be exhausted. In his habeas petition to the Missouri Supreme Court, Williams attacked his *sentences* under *Miller v. Alabama*. But the *statute* he now complains about did not exist yet. Williams erroneously reads the statute as providing him only a single parole hearing. As a practical matter it is premature to analyze Williams' claims when he has not challenged the statute itself in state court. In any event, he has an opportunity to attack the statute itself in state court using the arguments he now makes. Therefore, the current claims are unexhausted.

## Statement of Additional Exhibits

Respondent attaches the following additional exhibits:

1. Exhibit 1 to the Response to the Amended Petition is Williams' Department of Corrections Face Sheet setting out his sentence structure.

2. Exhibit 2 to the Response to the Amended Petition is the decision in *Willbanks v. Missouri Dep't of Corrections*, 2015WL 6468489 (Mo. App. W.D. 2015) (transfer to the Missouri Supreme Court granted).

## Analysis

### I.  The petition is neither untimely nor procedurally barred.

Missouri Revised Statute §558.047 became effective on July 13, 2016. All the claims in the current petition really attack that statute under one theory or another. One year has not passed since the statute became effective. The claims are timely.

Similarly, the claims are not procedurally barred. Williams could now challenge the constitutionality of the statute in the Missouri courts. But he has chosen not to. A procedural bar exists where, through a default on the part of the offender that rises to the level of an independent and adequate reason for a decision, a state forum to raise a claim no longer exists. That is not the case here.

**II.     Williams' claims fail under 28 U.S.C. §2254(d)(1) insofar as he attacks the Missouri Supreme Court decision because he seeks an expansion of existing United States Supreme Court precedent, and as a matter of law failure to expand United States Supreme Court precedent is not an unreasonable interpretation or application of that precedent.**

With the possible exception of his first claim, Williams is really attacking Mo. Rev. Stat. §558.047, not the order denying his habeas petition. But if Williams were attacking the habeas denial, the attack would necessarily fail as it is an expansion of *Miller* and its progeny to argue that parole ineligibility for 25 years on a murder sentence for an offender under age 18 is a constitutional violation. So if the Missouri Supreme Court decision were a merits decision on the constitutionality of Mo. Rev. Stat. §558.047, Williams' claims would necessarily fail under 28 U.S.C. §2254(d)(1) insofar as they attack that decision.

The United States Supreme Court has explicitly rejected the idea that failure to extend a United States Supreme Court precedent can be an unreasonable interpretation or application of clearly established law as determined by the Supreme Court of the United States, under 28 U.S.C. §2254(d). *White v. Woodall,* 134 S.C.t 1697, 1706 (2014). Therefore, the Missouri Supreme Court's decision, which is consistent with *Miller*, and which Williams alleges tacitly affirmed a remedy approved in *Montgomery v.*

5

*Louisiana*, 136 S.Ct. 718, 736 (U.S. 2016), must be left undisturbed under 28 U.S.C. §2254(d).

> **III. At least the last four of Williams' claims are really an unexhausted attack on Mo. Rev. Stat. §558.047, which he could challenge in the Missouri courts, but has not. And these claims have no merit.**

The current petition contains allegations that Mo. Rev. Stat. §558.047 is unconstitutional because it makes Williams eligible for parole after serving 25 years on his murder sentence imposed for a crime committed when Williams was under 18 years of age. Williams has not presented his current claims attacking the statute to the Missouri courts. Therefore, the claims are unexhausted and this Court is barred from granting relief under 28 U.S.C. §2254(b)(1). But this Court may deny relief on the merits under 28 U.S.C. §2254(b)(2). Respondent will briefly discuss the merits of Williams' claims below. But the claims are unexhausted. The claims are also barred by *Teague v. Lane*, 489 U.S. 288 (1989), as Williams' attacks are not dictated by *Miller*, *Montgomery*, or any other United States Supreme precedent, and therefore are not proper subjects for habeas relief.

> **A. The Missouri Supreme Court did not violate *Miller* by denying Williams' habeas petition after Mo. Rev. Stat. §558.047 became law making him parole eligible on his murder sentence after serving 25 years.**

Williams' first claim is that the Missouri Supreme Court committed constitutional error by, in his view, tacitly approving Mo. Rev. Stat. §558.047

6

when it denied his petition for habeas corpus. The United States Supreme Court has explicitly rejected the idea that failure to extend a United States Supreme Court precedent can be an unreasonable interpretation or application of clearly established United States Supreme Court precedent under 28 U.S.C. §2254(d). *White v. Woodall,* 134 S.Ct. 1697, 1706 (2014). Therefore, the Missouri Supreme Court's decision, which is consistent with *Miller*, and which Williams alleges tacitly affirmed a remedy approved in *Montgomery v. Louisiana,* 136 S.Ct. 718, 736 (U.S. 2016), must be left undisturbed under 28 U.S.C. §2254(d).

> **B. Missouri Revised Statute §558.047, which makes Williams parole eligible on his murder sentence after serving 25 years on that sentence, is not an *ex post facto* law.**

Williams alleges that Mo. Rev. Stat. §558.047 increases his punishment retrospectively and is therefore an *ex post facto* law. But that is not so. Williams does not dispute that at the time of his offense, and at the time he was sentenced, life without parole was an authorized and constitutional punishment for first-degree murder committed by an offender under age 18, and that he received that punishment. The new statute makes him parole eligible on the murder sentence after serving 25 years, as opposed to never. That is not an increase in punishment.

7

Williams' argument is really that if he were given a remedy of resentencing as opposed to earlier parole eligibility, which he argues that an offender who challenged his case on direct appeal received, he might receive a lesser sentence. But an *ex post facto* violation is an increase in punishment above the punishment authorized at the time of the offense. It is not receiving a different remedy than a person who challenged his sentence in another form of action.

> **C. Missouri Revised Statute §558.047, which makes Williams parole eligible after serving 25 years on his murder sentence, does not violate due process or equal protection.**

Williams argues that he is denied due process of law because the Missouri statute making him parole eligible, unsurprisingly, leaves the decision whether to release him on parole, to the parole board. He argues the parole board has too much discretion, he dislikes parole procedures used in Missouri, and the parole board cannot resentence him to a lesser term of years. The statute provides a remedy approved by the United States Supreme Court in *Montgomery*. Nothing in *Miller* or *Montgomery* dictates that offenders like Williams should receive different parole consideration procedures than other inmates, or that an offender like Williams has a right to resentencing in hopes of receiving a lesser sentence, as opposed to earlier parole eligibility.

Williams' equal protection claim is based on a strained reading of the statute, and does not set out an equal protection claim in any event. Williams reads the statute to give those with juvenile life without parole sentences a single opportunity for parole. Then he contrasts that with juvenile offenders sentenced to life with parole or with sentences of thirty to forty years who get statutory review at 25 and 35 years. Missouri regulations now provide for reconsideration hearings, and would presumably continue to do so in this context. *See* 14 CSR 80-2.010 (6)(c) (reconsideration hearings to be held after 1 to 5 years at the board's discretion). So there is no real distinction unfavorable to Williams based on reconsideration hearings. But even if persons with 30 to 40 year sentences or life with parole sentences were treated differently than offenders with life without parole sentences that would be rational. Therefore, it would not be an equal protection violation.

### D. Missouri Revised Statute §558.047, which makes Williams parole eligible on his murder sentence after serving 25 years on that sentence, is not a bill of attainder.

Williams alleges that the statute making him eligible for parole is a legislative punishment, and therefore a Bill of Attainder. The legislature is not punishing Williams by making him eligible for parole after 25 years on his murder sentence as opposed to being ineligible for parole forever. The legislature provided a remedy that makes Williams eligible for parole sooner.

9

It is not a punishment just because Williams wants resentencing with the hope of getting a lesser term of years.

### E. Missouri Revised Statute §558.047, which makes Williams parole eligible after serving 25 years on his murder sentence, does not deny the Sixth Amendment right to counsel.

Williams alleges the legislature denied his Sixth Amendment right to counsel by making him parole eligible, rather than having him resentenced, because he would have right to counsel at resentencing. Williams has no right under *Miller* or *Montgomery* to be resentenced. The legislature denied nothing to which Williams is entitled by making Williams parole eligible, a remedy approved in *Montgomery*.

### Conclusion

This Court should deny the petition for habeas corpus.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

/s/ Michael Spillane
MICHAEL SPILLANE
Assistant Attorney General
Missouri Bar # 40704
P.O. Box 899
Jefferson City, MO 65102
(573) 751-1307
(573) 751-2096 Fax
mike.spillane@ago.mo.gov
Attorneys for Respondent

10

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed by using the CM/ECF system. Counsel for Petitioner are electronic filers. This Court's electronic filing system should serve counsel for Petitioner this 15th day of November, 2016.

/s/ Michael Spillane
Assistant Attorney General