UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.  4:16 CV 393 RWS |
| | ) | |
| ANNE L. PRECYTHE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Michael Williams seeks a writ of habeas corpus, under 28 U.S.C.

§ 2254, arguing that his consecutive sentences for life without parole violate the

Eighth amendment pursuant to Miller v. Alabama, 567 U.S. 460 (2012) and

Montgomery v. Louisiana, 136 S. Ct. 718 (2016). I referred this petition to United

States Magistrate Judge Noelle Collins for a report and recommendation on all

dispositive matters pursuant to 28 U.S.C. § 636(b). The Magistrate Judge

recommended that I deny Williams's petition because he has not exhausted his

claims before Missouri state courts. I agree that the enactment of Missouri's Senate

Bill 590 broadened Williams' claims under Miller such that his claims are not

exhausted. To avoid a situation where the statute of limitations expires despite

Williams' diligence, however, I will stay Williams petition until his second petition

for writ of habeas corpus is adjudicated in state proceedings.

# BACKGROUND

On February 18, 1994, Williams was sentenced to consecutive terms of life without parole for first degree murder and armed criminal action, crimes he committed as a juvenile. State v. Williams, No. 22931-01338-01 (22nd Judicial Circuit, St. Louis City). On June 7, 2013, Williams filed a petition directly with the Missouri Supreme Court arguing that his sentence was unconstitutional under Miller. On March 15, 2016, the Missouri Supreme Court sustained in part Williams' petition and the petitions of similarly situated individuals stating

> NOW, THEREFORE, this Court, in order to comply with the constitutional requirements of Miller and Montgomery, hereby orders that this petition be sustained in part. This petitioner shall be eligible to apply for parole after serving 25 years' imprisonment on his sentence of life without parole unless his sentence is otherwise brought into conformity with Miller and Montgomery by action of the governor or enactment of necessary legislation. All other claims alleged in the petition and pending motions are denied without prejudice.

On March 23, 2016, Williams filed his federal petition for writ of habeas corpus, under 28 U.S.C. § 2254, arguing that the Missouri Supreme Court's ruling did not cure the constitutional defects in his original sentence. On July 13, 2016, Missouri Governor Jay Nixon signed into law Missouri Senate Bill No. 590 (S.B. 590), eliminating mandatory life sentences for juveniles and providing juveniles serving mandatory life without parole sentences an opportunity to petition the parole board for a sentencing review after serving 25 years' imprisonment.

On July 19, 2016, the Missouri Supreme Court issued an order vacating its March 15, 2016 order, overruling Williams' motion for rehearing as moot, and denying Williams' state court petition. On August 19, 2016, Williams filed an amended petition in the case before me, arguing that Senate Bill 590 is unconstitutional because it is an ex post facto law, bill of attainder, violates Williams due process and equal protection rights, and violates Williams right to counsel.

I referred this petition to United States Magistrate Judge Noelle Collins for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). The Magistrate Judge concluded that " 'the enactment of S.B. 590 broadens [Williams'] claim[s] under Miller and Montgomery' such that they have not been properly raised before state courts." (ECF No. 25 at 5 (quoting Davis v. Bowersox, No. 16-00246-CV-W-RK, 2017 WL 379463, at *4 (W.D. Mo. Jan. 26, 2017). Accordingly, the Magistrate Judge recommended that I deny Williams' petition because all of his claims remain exhausted and he has not shown that exceptional circumstances exist. (Id.)

Williams objects to the Magistrate Judge's recommendations. He argues that the exhaustion requirement of 28 U.S.C. § 2254 is not inflexible nor a rule limiting my power to give habeas relief, but instead "is a rule of comity." (ECF No. 26 at 4 (quoting Green v. Wyrick, 414 F. Supp. 343, 349 (W.D. Mo.), aff'd, 542 F.2d 1178

(8th Cir. 1976). Williams also argues that exceptional circumstances exist to reach the merits of his petition: if he were required to refile his petition in state court, he would be precluded from returning to federal court because of a one-year statute of limitations for raising <u>Miller</u> claims under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

## LEGAL STANDARD

I must conduct a de novo review of the Magistrate Judge's report and recommendation pursuant to 28 U.S.C. § 636(b). I may not grant habeas relief under 28 U.S.C. § 2254 unless the petitioner has "exhausted the remedies available in the courts of the State," "there is an absence of available State corrective process," or "circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1). The petitioner "has the burden to show that all available state remedies had been exhausted or that exceptional circumstances existed." <u>Carmichael v. White</u>, 163 F.3d 1044, 1045 (8th Cir. 1998).

## ANALYSIS

In the report and recommendation, the Magistrate Judge identified four district court cases determining that petitioners in Williams' position have not exhausted their state remedies because the enactment of S.B. 590 changed or broadened their claims under <u>Miller</u> and <u>Montgomery</u>. <u>See</u>, <u>e.g.</u>, <u>Davis v. Bowersox</u>, No. 16-00246-CV-W-RK, 2017 WL 379463, at *4 (W.D. Mo. Jan. 26,

4

2017). In <u>Davis v. Bowersox</u> and <u>Hack v. Cassady</u>, No. 16-04089-CV-W-ODS, 2016 WL 6986712, at *2 (W.D. Mo. Nov. 28, 2016), the courts also stayed the federal habeas action, to avoid a situation where AEDPA's one-year statute of limitations would expire despite the petitioners' diligence. The proceedings were not stayed in <u>Davis v. Griffith</u>, No. 4:16-CV-377 CAS, 2017 WL 5518022 (E.D. Mo. Nov. 17, 2017), nor in <u>Wade v. Wallace</u>, No. 4:16 CV 378 JCH, 2019 WL 366887, at *4 (E.D. Mo. Jan. 30, 2019).

Williams' circumstance is largely identical to the petitioners' circumstances in these cases. His claims have been changed or broadened by the enactment of S.B. 590, and he has not met his burden to demonstrate that he has exhausted his claims or that exceptional circumstances exist that render the state habeas process ineffective. For example, at least one state habeas petition in Missouri has been granted under <u>Miller</u> and <u>Montgomery</u> despite the enactment of S.B. 590. In <u>Edwards v. Steele</u>, the Missouri Court of appeals held that a sentence of mandatory life without the possibility of parole for 50 years imposed on a juvenile defendant violated <u>Miller</u> and <u>Montgomery</u>. 533 S.W.3d 238, 244 (Mo. Ct. App. 2017).

Williams' inclusion in a class of prisoners granted summary judgment on a related issue does not change this conclusion. <u>See</u> <u>Brown v. Precythe</u>, No. 2:17-CV-04082-NKL, 2018 WL 4956519 (W.D. Mo. Oct. 12, 2018). In <u>Brown</u>, the court held that the practices of the Missouri Board of Probation and Parole did not

provide "meaningful and realistic opportunity for release based on demonstrated maturity and rehabilitation." (Id. at *10). However, the court in Brown did not find that S.B. 590 was unconstitutional, as suggested by Williams. Williams may obtain relief from the court in Brown, specifically a parole hearing that conforms with Miller and Montgomery. See Montgomery, 136 S. Ct at 736. (holding that a state could "remedy a Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them.").

Granted, Williams' argument concerning the statute of limitations is convincing. The Eighth Circuit has not addressed whether equitable tolling may apply to a federal habeas corpus petition where the initial filing is timely but a second petition is late due to additional state court proceedings. But see York v. Galetka, 314 F.3d 522, 524 (10th Cir. 2003) (allowing equitable tolling). AEDPA "does not deprive" me of my authority to issue a stay, "where such a stay would be a proper exercise of discretion." Rhines v. Weber, 544 U.S. 269, 275-76 (2005). I may issue such stays where the petitioner has "good cause for [his] failure to exhaust his claims first in state court." Id. The holdings in Rhines were made in the context of "mixed" petitions, where some claims were exhausted and some unexhausted. However, the above-quoted provisions of Rhines were not made exclusive to the context of mixed petitions, although "[s]tay and abeyance should be available only in limited circumstances." Id. at 277.

I conclude that Williams situation is one of those "limited circumstances" where a stay is appropriate. As in <u>Hack v. Cassidy</u>, the absence of a stay would ensure that AEDPA's statute of limitations runs before Williams can return to federal court. 2016 WL 6986712, at *2. In keeping with <u>Rhines</u>, however, I must structure this stay in accordance with timeliness concerns of AEDPA. 544 U.S. at 278. "[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed"). (quoting <u>Zarvela v. Artuz</u>, 254 F.3d 374, 381 (2d Cir. 2001)).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **STAYED** until petitioner Michael Williams exhausts his state court remedies. Williams must pursue state court remedies within 30 days after this stay is entered and return to federal court within 30 days after state court exhaustion is completed.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 27th day of March, 2019.